UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY J. ROUBIDEAUX, | ) | CIV. 10-4126-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBERT DOOLEY, Warden, Mike | ) | |
| Durfee State Prison; ED | ) | |
| LIGHTENBERG, South Dakota | ) | |
| Board of Pardons and Paroles; | ) | |
| SAM BADURE, Parole Agent; | ) | |
| LELAND TJEERDSMA, Special | ) | |
| Security, Mike Durfee State | ) | |
| Prison; TIM REISCH, Secretary of | ) | |
| Correction; and SUE JACOBS, | ) | |
| Associate Warden, Mike Durfee | ) | |
| State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

Plaintiff Jeremy Roubideaux ("Roubideaux"), an inmate in the South

Dakota penal system, commenced this action seeking relief pursuant to

42 U.S.C. § 1983. (Docket 1). Mr. Roubideaux alleges defendants violated

his constitutional rights when his parole was revoked and he was not given

credit for his "street time." Id. Mr. Roubideaux also alleges his rights were

violated when defendants failed to supply him with arch supports and

charged him for medical care. Id. Mr. Roubideaux further alleges that his

rights were violated by Leland Tjeerdsma ("Tjeerdsma"), an officer with the

facility where Mr. Roubideaux is housed.  Id.  Mr. Roubideaux contends that

Mr. Tjeerdsma improperly confiscated legal documents which belonged to

Mr. Roubideaux and made threatening statements toward Mr. Roubideaux

in retaliation for the filing of grievances.  Id.  Finally, Mr. Roubideaux alleges

inmates are charged fees for legal copies and toiletries and that third-parties

are overcharged when purchasing care packages for inmates through CBM

Food Services.  Id.

The matter was referred to Magistrate Judge Veronica L. Duffy, who

ordered service upon defendants.  (Dockets 9 & 12).  Defendants moved for

summary judgment.  (Docket 56).  Defendants contend Mr. Roubideaux is

barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915 as he

previously filed three or more actions which were dismissed as frivolous or

for failure to state a claim upon which relief could be granted.  (Docket 57).

Defendants further assert Mr. Roubideaux cannot proceed on his claims as

he failed to exhaust available administrative remedies.  Id.  Defendants

finally contend Mr. Roubideaux's claims fail on the merits.  Id.

Magistrate Judge Duffy reviewed the record and pertinent law and

issued a report and recommendation concluding summary judgment in

favor of defendants.  (Docket 74).  First, Magistrate Judge

Duffy concluded Mr. Roubideaux is properly proceeding *in forma pauperis*.

Next, the magistrate judge found Mr. Roubideaux had not exhausted the

administrative remedies available to him with the exception of his claims

regarding his request for arch supports and his claims against Mr.

Tjeerdsma which have been fully exhausted.  Id. at p. 20.  Turning to Mr.

Roubideaux's claim regarding his request for arch supports, the magistrate

judge found Mr. Roubideaux rescinded his medical services request for the

arch supports.  Id. at p. 23.  The magistrate judge concluded the denial of

the requested arch supports did not violate Mr. Roubideaux's constitutional

rights under the Eighth Amendment as it did not rise to the level of an

objectively serious medical need.  Id.  The magistrate judge further found

Mr. Roubideaux's retaliation claims against Mr. Tjeerdsma did not amount

to constitutional violations as the alleged threatening statements occurred

prior to the filing of Mr. Roubideaux's grievances.  Id. at p. 25.  Based upon

these findings, the magistrate judge recommended summary judgment be

granted in favor of defendants.  Id. at p. 26.

The parties were given fourteen days to object to the report and

recommendation.  Id.  Mr. Roubideaux lodged several objections to the

magistrate judge's conclusions.  (Docket 76).  Accordingly, the court will

conduct a *de novo* review as to those objections.  See 28 U.S.C.

§ 636(b)(1)(C).

**DISCUSSION**

Before addressing the merits of Mr. Roubideaux's objections, the court notes Mr. Roubideaux's assertion that he is unfamiliar with the court system and "should be cut some slack." (Docket 76 at p. 2). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted). The court understands Mr. Roubideaux is not law-trained. However, a review of Mr. Roubideaux's filings reveals he is able to articulate his claims and the relief he seeks. As a result, the court finds oral argument, as requested by Mr. Roubideaux, is unnecessary.

**A.    Exhaustion**

Mr. Roubideaux objects to the recommendation his unexhausted claims be dismissed. (Docket 76). The magistrate judge found the only claims which Mr. Roubideaux exhausted are his claims regarding his request for arch supports and his claim that Mr. Tjeerdsma engaged in retaliatory actions. (Docket 74). The magistrate judge further found administrative remedies were available to Mr. Roubideaux which would have allowed defendants to address his remaining claims. Id. at pp. 19-21. Mr. Roubideaux does not contend he exhausted all of his claims. (Docket 76). Rather, Mr. Roubideaux contends the available grievance process is futile. Id.

Title 42 of the United States Code, section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As a result, a prisoner must exhaust all available remedies prior to commencing an action under § 1983. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). The United States Court of Appeals for the Eighth Circuit has "only excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures, or when the officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (citation omitted).

There are no allegations officials prevented Mr. Roubideaux from applying for relief through the grievance process. Moreover, there are no facts provided which would support the contention that officials themselves failed to comply with the procedures they implemented. The court finds Mr. Roubideaux is not excused from the requirements of exhaustion. Thus, Mr. Roubideaux's unexhausted claims involving the revocation of his parole and his "street time" credit, and charges for medical care, toiletries, copies, and care packages must be dismissed without prejudice. See Johnson, 340 F.3d at 627.

**B.    Claims Against Mr. Tjeerdsma**

Mr. Roubideaux objects to the magistrate judge's recommendation regarding his claim of retaliation. (Docket 76). "To prevail on a retaliation claim, [Mr. Roubideaux] must show 1) he engaged in a protected expression, 2) he suffered an adverse action, and 3) the adverse action was causally related to the protected expression." Nelson v. Shuffman, 603 F.3d 439, 450 (8th Cir. 2010). Mr. Roubideaux contends he was threatened by Mr. Tjeerdsma after filing a grievance regarding his request for arch supports. (Docket 74). The magistrate judge found, however, the filing of Mr. Roubideaux's grievances occurred *after* Mr. Tjeerdsma's alleged retaliatory threats, a finding which Mr. Roubideaux does not deny. Id. at p. 25. As a result, Mr. Roubideaux has not shown he suffered an adverse action as the result of his exercise of a constitutional right. See Nelson, 603 F.3d at 450.

Furthermore, the Eighth Circuit held that "[v]erbal threats are not constitutional violations cognizable under § 1983." Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Thus, Mr. Roubideaux cannot state a claim for relief based solely upon Mr. Tjeerdsma's alleged threats. The court finds Mr. Roubideaux's objection to the magistrate judge's finding and recommendation on this issue should be overruled.

Mr. Roubideaux objects to the magistrate judge's finding and recommendation regarding the confiscation of Mr. Roubideaux's legal

documents by Mr. Tjeerdsma. (Docket 76). These legal documents were confiscated after being found in the possession of another inmate in violation of prison policy. (Docket 74 at p. 12). The papers were later returned to Mr. Roubideaux. Id. at p. 13. Mr. Roubideaux contends Mr. Tjeerdsma "relished taking" the papers. (Docket 76 at p. 3). Mr. Roubideaux, however, does not deny the papers were considered contraband when in the possession of the other inmate and were properly confiscated. (Docket 74). The Eighth Circuit held that " '[t]he taking of a prisoner's legal papers states a claim under 42 U.S.C. §§ 1983 or 1985 if the taking results in interference with or infringement of the prisoner's constitutional right of access to the courts.' " Holloway v. Dobbs, 715 F.2d 390, 392 (8th Cir. 1983) (quoting Tyler v. "Ron" Deputy Sheriff, 574 F .2d 427, 429 (8th Cir. 1978)). As there are no allegations the confiscation of legal papers hindered Mr. Roubideaux's access to the courts, the court overrules the objection.

**CONCLUSION**

The court finds Mr. Roubideaux's objections to the report and recommendation to be without merit. The court, therefore, adopts the report and recommendation of the magistrate judge with the modification that the claims which were not exhausted will be dismissed without prejudice. See Hammett v. Cofield, 681 F.3d 945 (8th Cir. 2012).

Accordingly, it is hereby

ORDERED that the report and recommendation of the magistrate judge (Docket 74) is adopted.

IT IS FURTHER ORDERED that plaintiff's objections (Docket 76) are overruled.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 56) is granted with respect to the claim regarding the requested arch supports and the claims against Mr. Tjeerdsma.  These claims are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's remaining claims are dismissed without prejudice for failure to exhaust the available administrative remedies.

Dated September 10, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE